UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **RICHARD ALLYN,** ) | **Civil Action No.** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Jury Trial Demanded** |
| **UNITED AIRLINES, INC.** ) | |
|     Serve: CT Corporation System ) | |
|     160 Mine Lake Court ) | |
|     Suite 200 ) | |
|     Raleigh, N.C. 27615-6417 ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

Plaintiff, Richard Allyn, by and through counsel, avers and alleges as follows:

## JURISDICTION

1. The jurisdiction of this Court over this civil action exists pursuant to 28 U.S.C. § 1331(a), in that this action arises under the laws and treaties of the United States through Article 17 of the Convention for the Unification of Certain Rules Relating to International Carriage by Air, concluded at Montreal, Canada, on May 28,1999 ("Montreal Convention").

## PARTIES

2. Plaintiff Richard Allyn is a natural person and a citizen of the State of North Carolina.

1

3. Defendant United Airlines, Inc. ("United Airlines") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois. Defendant United Airlines regularly avails itself of the privileges and benefits of conducting business in the State of North Carolina.

**GENERAL ALLEGATIONS**

4. At all times relevant, Defendant United Airlines operated as a commercial air carrier engaged in the business of transporting fare-paying passengers on regularly scheduled domestic and international flights in an aircraft owned, leased, operated, managed, maintained, and/or controlled by Defendant and its agents and/or employees.

5. On February 27, 2023, Defendant United Airlines was the owner and/or operator of an aircraft that operated as UA Flight 924 with scheduled service from Washington Dulles International Airport (IAD) to Heathrow International Airport, (LHR) near London, England.

6. On February 27, 2023, Mr. Allyn was a fare-paying passenger on board UA Flight 924, seated in business class.

7. While taxiing, and before Mr. Allyn could get his seat belt fastened because one end of his seat belt was caught and hidden within the seat, the aircraft came to a sudden violent stop, causing Mr. Allyn to slam against the seat in front of him and fall to the floor.

8. After the sudden stop, the aircraft's captain announced through the aircraft's intercom system that he was sorry for the sudden stop and that the aircraft's steering was "lost."

9. During the sudden, violent stop, Mr. Allyn suffered head, neck and shoulder injuries and suffered from pain, numbness in his arm and legs, and dizziness.

10. As a direct and proximate result of the actions of United Airlines and/or its officers, employees and agents, Mr. Allyn sustained several serious injuries, and pain and suffering, including but not limited to his, shoulder, neck, and legs, and continues to experience pain in his shoulder and neck, and other areas, as well as mental anguish.

## COUNT I
## CLAIM FOR DAMAGES UNDER THE MONTREAL CONVENTION

11. Plaintiff Richard Allyn incorporates be reference all prior allegations above as if fully set forth herein.

12. At the time of Mr. Allyn's injuries, Defendant United Airlines was a carrier providing international flight and/or carriage by aircraft for reward as defined in Article 1 of the Montreal Convention.

13. At the time of his injuries, Mr Allyn was a passenger on board an international flight and/or carriage by aircraft for reward as defined in Article 1 of the Montreal Convention.

14. Accordingly, the Montreal Convention applies to this cause of action.

15. Pursuant to Article 17 of the Montreal Convention, Defendant United Airlines, as the carrier, is liable to Mr. Allyn, for damages sustained in the case of bodily injury of a passenger upon condition only that the accident which caused the injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking up to and including the statutory amount up to and including 151,880 Special Drawing Rights (SDR).

16. Mr. Allyn sustained bodily injury as a passenger due to the accident that occurred aboard UA Flight 924 on February 27, 2023.

17. Pursuant to Article 21(2) of the Montreal Convention, Defendant United Airlines is further liable to Mr. Allyn for all personal injury damages exceeding 151,880 Special

Drawing Rights (SDR) unless United Airlines proves that it took all necessary measures to prevent or avoid the injuries or damages, or that the injuries or damages were solely due to the negligence or other wrongful act or omission of a third party.

18. At all times relevant, Defendant operated as a common carrier and was under a duty to operate and control the subject aircraft, on the ground and in the air, with the highest degree of care, and to exercise the highest degree of care to prevent injury of any kind.

19. Defendant breached its duty to use reasonable care and negligently and carelessly discharged its duties as a common carrier, among these and other ways, as follows:

    a. Failing to exercise reasonable care in the safety of its passengers; and

    b. Failing to take reasonable precautions to prevent injury to passengers while the aircraft was taxiing and/or moving.

20. As a direct and proximate result of the negligent and careless acts of Defendant, Mr. Allyn sustained several serious injuries, and pain and suffering, including but not limited to his neck, head and shoulder, and continues to experience pain in these areas in addition to mental anguish.

WHEREFORE, Plaintiff Richard Allyn demands judgment against Defendant United Airlines for compensatory damages, cost, and other such relief as this Court deems appropriate.

This the 9th day of January, 2025

Respectfully submitted,

*/s/ James T. Crouse*
James T. Crouse, Esq.
N.C. State Bar Number 22643
CROUSE LAW OFFICES, PLLC
932 Thompson Gleen Place
Wake Forest, North Carolina 27587

Phone: (919) 881-8441
Fax: (919) 881-8441
Email: JTC@CrouseLaw.com

Amanda C. Dure, Esq.
N.C. State Bar Number 48710
1717 N Street NW
Washington, DC 20036
P: (202) 638-5300
F: (202) 393-1725
adure@pangialaw.com